

# The Attorney General of Texas

December 20, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. William W. Fisher, Chairman
State Board of Polygraph Examiners
111 West Laurel — Suite 115
San Antonio, Texas 78212

Opinion No. MW-108

Re: Voluntary participation of polygraph examinees.

Dear Mr. Fisher:

The Board of Polygraph Examiners has asked whether section 19(2) of the Polygraph Examiners Act, article 4413(29cc), V.T.C.S., prohibits a polygraph examiner from proceeding with an examination of a subject when the examinee indicates that his participation in the process is not voluntary. The statutory provision reads:

> Sec. 19. The board may refuse to issue or may suspend or revoke a license on any one or more of the following grounds:
>
> (1) for failing to inform a subject to be examined as to the nature of the examination;
>
> (2) for failing to inform a subject to be examined that his participation in the examination is voluntary;
>
> . . . .
>
> (12) [or] failing to inform the subject of the results of the examination if so requested.

It is obvious from a reading of this provision that the board is not required to revoke or suspend the license of any licensed examiner simply because he fails in one or more instances to take the foregoing steps, although it might do so. The statute merely establishes standards which the board may use to determine the fitness of licensees.

The statute imposes upon polygraph examiners a standard duty to inform the subjects of examinations about certain matters, but it does not impose upon them any duty to determine the motives of the examinee in thereafter consenting to the examination or refusing it. If the consent given

is truly informed consent, the examiner may take it at face value, for the purpose of "informing" examinees is to apprise them of their right to make a choice — not to dictate a choice or determine the motives behind it.

Even if the cooperation of a polygraph examinee has been coerced by a third party, the examiner performs his duty so long as he clearly and in good faith informs the subject that he need not undergo the examination, and that the examiner will not administer the test if the subject chooses to cancel it.

The examiner is not responsible for any coercive activity in which he does not conspire or participate. If the prospective examinee refuses to be examined, the polygraph examiner should abandon any attempt to examine him. If he has properly informed the subject of his right to refuse the examination, and the subject nevertheless chooses to go forward with it, the examiner is not at fault if it should later appear that the subject's choice resulted from third-party coercion.

## SUMMARY

Section 19(2) of the Polygraph Examiners Act, article 4413(29cc), V.T.C.S., establishes a standard which the Board of Polygraph Examiners may use to determine the fitness of licensees. It requires that the examiner properly inform a subject that his participation in a polygraph examination is voluntary, but the examiner need not determine the motives of a consenting examinee.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman

David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood